UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| DAVORIOUS APPLEBERRY, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:14-CR-121-HSM-CHS-1 |
| | ) | | 1:16-CV-268-HSM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 69]. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States filed a response in opposition on July 27, 2016 [Doc. 72]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2.

In November of 2015, Petitioner pled guilty to, and was subsequently convicted of, Hobbs Act robbery, in violation of 18 U.S.C. § 1951 [Docs. 54–56, 64]. He received a 108-month sentence of incarceration [Doc. 64]. Petitioner filed a timely appeal [Doc. 66], which was docketed as Case No. 16-5451 and remains pending before the Sixth Circuit Court of Appeals. On June 27, 2016, Petitioner filed the instant collateral challenge [Doc. 69].

The fact that the underlying criminal conviction remains pending on direct appeal means that Petitioner does not yet have a "final" judgment cognizable for purposes of collateral review. *See Black v. United States*, 2010 U.S. Dist. LEXIS 129096, at *2 (E.D. Mich. Dec. 7, 2010) (dismissing § 2255 motion as premature due to pending direct appeal in the Sixth Circuit); *Gross*

*v. United States*, 2003 U.S. Dist. LEXIS 13544, at *3 (E.D. Mich. July 23, 2003) ("Application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal." (citing *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998)); *see also Capaldi*, 135 F.3d at 1124 ("[D]etermination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." (citing *United States v. Davis*, 604 F.2d 474, 484–85 (7th Cir. 1979)).  The premature collateral challenge will be **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

                */s/ Harry S. Mattice, Jr.*
               HARRY S. MATTICE, JR.
           UNITED STATES DISTRICT JUDGE